Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY PHILLIPS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>LOANDEPOT.COM, LLC, a Delaware company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Jenny Phillips ("Plaintiff" or "Phillips") brings this Class Action Complaint and Demand for Jury Trial against Defendant LoanDepot.com, LLC ("Defendant" or "LoanDepot") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls, including calls made using artificial or pre-recorded voice messages, to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Phillips, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Jenny Phillips is a resident of Chino Valley, Arizona.

2. Defendant LoanDepot is a Delaware registered corporation headquartered in Foothill Ranch, Lake Forest, California. Defendant LoanDepot conducts business throughout this District and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant has its headquarters in this District and because the conduct giving rise to this case was directed by the Defendant from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in January 2023 alone, at a rate of 145.5 million calls per day. www.robocallindex.com (last visited February 12, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-3-

# COMMON ALLEGATIONS

14. Defendant LoanDepot offers home loans to consumers nationwide.[3]

15. Defendant LoanDepot uses telemarketing and cold calling to solicit their products and services to potential customers across the country.

16. Defendant LoanDepot calls consumers with a pre-recorded voice message without first obtaining the consumer's prior express written consent, like Plaintiff Phillips.

17. Several consumers have posted complaints online about the unsolicited telemarketing calls they received from Defendant LoanDepot. For instance:

- "The robot female voice asked me to call back. They identified themselves as loanDepot."[4]

- "Calls every day and never stops"[5]

- "They are using 'robocalling' to blow up my phone. I called the number listed on their website (which was different than the number calling me) and asked about the robocalling. The first question out of the 'customer care representative' was "can I have your phone number to put on the no call list?". My response was "I'm already on the no call list, no you may not have my number". I was able to have the representative admit to them using robocalling. I also advised them that I was going to be filing a complaint with the FCC, and I did. I also thought it was ironic that Loandepot has a tag that says they are 'an accredited BBB business'. I hope the BBB contacts them and removes that accreditation."[6]

---

[3] https://www.linkedin.com/company/loandepot/about/
[4] https://www.shouldianswer.com/phone-number/8662321321
[5] https://directory.youmail.com/phone/877-884-0472
[6] https://www.bbb.org/us/ca/foothill-ranch/profile/loans/loandepot-1126-100089796/customer-reviews

18. Other consumers have posted complaints about receiving unsolicited pre-recorded calls from Defendant LoanDepot like the one the Plaintiff received, along with several such call recordings:



19. In response to these calls, Plaintiff Phillips files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

---

[7] https://directory.youmail.com/directory/phone/8558079606
[8] https://directory.youmail.com/phone/877-884-0472

# PLAINTIFF PHILLIPS'S ALLEGATIONS

20. On January 4, 2023, Plaintiff Phillips received a call on her cell phone number from the phone number 877-884-0472. Plaintiff Phillips did not answer this call but a pre-recorded voicemail was left stating:

> "Hi, this is Savannah from Loan Depot with some great new regarding your recent mortgage refinance application. If you're no longer interested in mortgage information, please press # to opt out or call us at 866-965-9011. We are missing just a few pieces of critical information necessary in getting you fully approved and it will only take a few minutes of your time. I will be here until 8:00 PM Pacific Time to assist you. So please call me back at 866-965-9011. Again that number is 866-965-9011. I know we can provide you with the lowest rates available and I look forward to hearing from you soon. Have a great day."

21. Plaintiff believes the voicemail is pre-recorded as it *exactly* matches recordings posted on Youmail, such as:

**GET ALL INFO ON 877-884-0472**

I Own This Number

**Typical Messages**

Hi this is Savannah from Loan Depot with some great news regarding your recent mortgage refinance application. If you're no longer interested in mortgage information please press # to opt out or call us at 866-965-9011. We are missing just a few pieces of critical information necessary and getting you fully approved and it will only take a few minutes of your time. I will be here until 8:00 PM Pacific Time to assist you. So please call me back at 866-965-9011. Again that number is 866-965-9011. I know we can provide you with the lowest rates available and I look forward to hearing from you soon. Have a great day.

[9]

22. Plaintiff Phillips did not provide her consent to LoanDepot to place pre-recorded or any other type of calls to her cell phone number.

---

[9] https://directory.youmail.com/phone/877-884-0472

CLASS ACTION COMPLAINT
-6-

23. Plaintiff Phillips did not submit any mortgage refinance application to LoanDepot, which the pre-recorded voicemail mentions, nor did she provide her cell phone number to Loan Depot.

24. Plaintiff Phillips' attorneys sent a cease and desist letter with a demand for proof of consent to call the Plaintiff to Loan Depot on January 10, 2023 by email to customercare@loandepot.com. As of February 21, 2023, no response has been received by LoanDepot.

25. The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Phillips in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

26. Seeking redress for these injuries, Plaintiff Phillips, on behalf of herself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

27. Plaintiff Phillips brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their telephone number (2) using a pre-recorded voice message.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal

representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Phillips anticipates the need to amend the Class definition following appropriate discovery.

29. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same telemarketing campaign resulting in calls to other Class members.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant placed pre-recorded voice message calls to Plaintiff Phillips and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent of Plaintiff Phillips and members of the Pre-recorded No Consent Class;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation**: Plaintiff Phillips will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Phillips has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Phillips and her counsel are committed to vigorously prosecuting this action on

behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Phillips nor her counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Phillips. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Phillips and the Pre-recorded No Consent Class)**

33. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

34. Defendant LoanDepot transmitted unwanted solicitation telephone calls to Plaintiff Phillips and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

35. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Phillips and the other members of the Pre-recorded No Consent Class.

36. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Phillips and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Phillips individually and on behalf of the Class, prays for the following relief:

  a. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Phillips as the representative of the Class; and appointing her attorneys as Class Counsel;

  b. An award of actual and/or statutory damages and costs;

  c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

  d. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

  e. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Phillips requests a jury trial.

**JENNY PHILLIPS**, individually and on behalf of all others similarly situated,

DATED this 6th day of March, 2023.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-11-